UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ROBERT COOPER,

                    Plaintiff,

           -against-

CITY OF NEW YORK; POLICE OFFICER MICHAEL SANTANIELLO, Shield No. 22534; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------- x

CV 13 325

COMPLAINT

Jury Trial Demanded

GLEESON, J.

REYES, M.J

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Robert Cooper ("plaintiff" or "Mr. Cooper") is a resident of Kings County in the City and State of New York.

7.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.     Defendant Police Officer Michael Santaniello, Shield No. 22534 ("Santaniello"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Santaniello is sued in his individual and official capacities.

9.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 4:05 p.m. on September 6, 2012, plaintiff was lawfully within the vicinity of 2749 West 33rd Street in Brooklyn, NY.

13. Plaintiff was with his two friends when several New York City Police Officers, including defendant Santaniello, neared the group.

14. Plaintiff's two friends departed before the officers approached.

15. The defendants stopped plaintiff without probable cause or reasonable suspicion to believe he had committed any crime or offense.

16. Defendants asked to see plaintiff's identification, and plaintiff promptly complied.

17. After looking at his identification, the defendant officers placed plaintiff in handcuffs and under arrest despite the fact that they had no probable cause to do so.

18. Plaintiff was eventually taken to the police precinct.

19. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff loitering for the purpose of gambling.

20. At no point did the officers observe plaintiff commit any crimes or

offenses.

21. From the police precinct, plaintiff was taken to Brooklyn Central Booking.

22. Plaintiff was subsequently arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

23. After approximately twenty-four hours in custody, plaintiff was released.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

25. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

26. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### THIRD CLAIM
### False Arrest

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Failure To Intervene

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: January 15, 2012
New York, New York

Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
rmarinelli@hmswlaw.com

*Attorney for plaintiff*